### EDWARD THOMPSON CO. v. CLARK.

(Supreme Court, Trial Term, Suffolk County. January 21, 1904.)

1. CONTRACTS—CONSTRUCTION—PERSONAL SERVICES—RIGHT TO PROCEEDS.

Defendant was in plaintiff's employ under a contract by which he agreed to do such editorial work for plaintiff as it might request of him and to devote his whole time during plaintiff's regular office hours to the work. Plaintiff was to be the sole owner of the copyrights on all articles prepared by defendant under the contract, and he prepared manuscript for two legal treatises, taking the matter from plaintiff's publications and preparing it with the aid of plaintiff's library, stenographers, typewriters, and using plaintiff's supplies, fixtures, and appliances in his work. Under the contract his compensation was based upon the number of pages of his contributions accepted by plaintiff. Plaintiff refused to accept and pay for the two treatises. *Held*, that under the contract the product of defendant's labors belonged to plaintiff, whether accepted or not, and defendant took the risk that his work would reach the standard required by plaintiff in order to be paid for.

2. SAME—"INDEPENDENT CONTRACTOR."

Defendant was not an "independent contractor," even if not in the ordinary sense a servant.

[Ed. Note.—For other definitons, see Words and Phrases, vol. 4, pp. 3542, 3543; vol. 8, p. 7686.]

Replevin by the Edward Thompson Company against William L. Clark, Jr. Judgment for plaintiff.

The following are the findings of fact and conclusions of law of the court:

The issues of fact raised by the answer of the defendant, as amended by the order dated February 14, 1903, duly entered herein, coming on to be tried by the court at a term held by the undersigned without a jury, and having been tried on the 5th day of March, 1903, and the allegations and evidence of the parties having been heard, now, after hearing Walter Large, Esq., for the plaintiff, William L. Marshall, Esq., for the defendant, and due deliberation having been had, I decide and find as follows:

### Findings of Fact.

(1) The plaintiff is, and at all the times mentioned in the complaint was, a domestic corporation, having its principal office and place of business at Northport, county of Suffolk, state of New York.

(2) On and prior to April 9, 1900, the defendant was in the employment of the plaintiff at the said village of Northport under a contract by which said defendant had agreed to do such editorial work for the plaintiff as he might be requested by it to do, and to devote his whole time during the regular office hours for the plaintiff to said work, and by which said defendant also agreed that the plaintiff should become the sole owner of the copyright of any and all articles prepared by him under said contract.

(3) At the date above mentioned said defendant had by the direction of the plaintiff prepared and written, or caused to be prepared and written, a certain manuscript or legal treatise on the subject of "Homicide," consisting of about 1,285 manuscript pages of text on said subject of "Homicide" and also of about 12,000 cardboard or paper slips containing written or printed matter upon the same subject of "Homicide."

(4) At the date above mentioned said defendant had also by direction of the plaintiff prepared and written, or caused to be prepared and written, a certain manuscript or legal treatise on the subject of "Larceny," consisting of about 1,285 manuscript pages of text on said subject of "Larceny" and also of about 7,000 cardboard or paper slips containing written or printed matter upon the same subject of "Larceny."

(5) The said written matter upon all of said slips had been copied thereon from plaintiff's books, and the said printed matter on all thereof had been cut from plaintiff's books and pasted on said slips.

(6) The said manuscripts were prepared and written by the said defendant under the contract aforesaid, upon the plaintiff's paper and by the use of plaintiff's library, stenographers, typewriters, typewriting machines, and office furniture, appliances, fixtures, and supplies.

(7) The value of the said manuscripts at the time of the trial of this action was $450.

(8) At all the times in the complaint mentioned the plaintiff was the owner of the said personal property and chattels, to wit, the said manuscripts hereinbefore and in the complaint described, and at the time of the taking thereof hereinafter mentioned the same manuscripts were lawfully in the plaintiff's possession.

(9) On or about April 9, 1900, at the village of Northport, county of Suffolk, state of New York, the defendant wrongfully and unlawfully and without justification therefor took the said goods and chattels, the manuscripts above described, from the possession of the plaintiff, and carried the same away from the said village of Northport, and when this action was begun did still wrongfully and unjustly detain the same.

(10) On or about the 3d day of May, 1900, the plaintiff caused the said chattels hereinbefore and in the complaint described to be duly replevined by the sheriff of the county of Kings, who thereafter duly and lawfully delivered the same to the plaintiff in accordance with the statute in such case made and provided, and said plaintiff still lawfully retains the same in its possession.

### Conclusions of Law.

(1) The plaintiff is entitled to have and retain the possession of the personal property and chattels, to wit, the said manuscripts hereinbefore and in the complaint described, and to have judgment in this action accordingly.

(2) I therefore direct judgment to be entered herein for the plaintiff against the defendant, with costs of the action, to be taxed by the clerk, and providing that the said plaintiff have and retain possession of the said personal property, to wit, the said manuscripts hereinbefore and in the complaint described.

Walter Large, for plaintiff.
William L. Marshall, for defendant.

SMITH, J.   Although the contract between the plaintiff and the defendant provided in terms for a yearly salary of $3,000, it is evident from a perusal of the entire contract that this sum was fixed simply to afford a basis for the amount of weekly advances to be made to the defendant, and that the defendant's actual salary was based upon the number of pages of his contributions accepted by the plaintiff. I think it is the fair import of the contract that the defendant was to devote his whole time to the plaintiff's employment and that the result of his labors belonged to the plaintiff. He took the risk that his work should reach the standard required by the plaintiff in order to be compensated therefor. Assume that some of his work did not reach that standard, it is not reasonable that he should have the title thereto, with all the incidents of ownership. If he was not in the ordinary sense a servant of the plaintiff, he certainly was not an independent contractor. The ownership of his work must depend upon the peculiar provisions of the contract, the purpose for which it was made, supplemented by the evidence of the manner in which his work was performed. From the fact that the plaintiff furnished him all the materials and all the assistance for the performance of his work, and considering the character of the work upon which he was engaged and the nature of plaintiff's business, it could not have been contemplated by the parties that the defendant should use or dispose of any work not accepted and used by plaintiff. I therefore decide that the title to all of defendant's work while employed by the plaintiff, whether that work was accepted or rejected, belongs to the plaintiff.

Judgment is directed for the plaintiff for the relief demanded in the complaint, and I fix the value of the property in controversy at $450.